IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SHANA I. HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 423-072 |
| | ) | |
| PATRICIA C. LYONS and | ) | |
| SENIOR CITIZENS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). Upon review of the IFP motion, (doc. no. 2), the Court determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP. (See doc. no. 7.) Thus, on April 11, 2023, the Court denied Plaintiff's IFP motion without prejudice and directed her to submit a new IFP motion within twenty-one days and warned Plaintiff if she did not timely submit a new motion or pay the $402.00 filing fee, she risked dismissal of the case. (See id. at 2.) The time to respond has passed, and Plaintiff has neither complied with the April 11th Order nor otherwise offered any explanation to the Court why she has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.,

Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff did not respond to, let alone comply with, the Court's April 11th Order. Plaintiff's inaction amounts not only to a failure to prosecute, but also an abandonment of her case. The time to respond has passed, and Plaintiff has not paid the filing fee or submitted a motion to proceed IFP as required. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA