IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| SHANA I. HOUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 423-072 |
| | ) |
| PATRICIA C. LYONS and | ) |
| SENIOR CITIZENS INC., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* and has requested permission to proceed *in forma pauperis* ("IFP").

**I.   Background**

Upon review of the original IFP motion, (doc. no. 2), the Court determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP. (See doc. no. 7.)  Thus, on April 11, 2023, the Court denied Plaintiff's IFP motion without prejudice and directed her to submit a new IFP motion within twenty-one days and warned Plaintiff if she did not timely submit a new motion or pay the $402.00 filing fee, she risked dismissal of the case.  (See id. at 2.)  When Plaintiff neither complied with the April 11th Order nor otherwise offered any explanation to the Court why she has not complied, the Court recommended on May 8, 2023, that the case be dismissed without prejudice.  (See doc. no. 13.)

In response to the recommendation for dismissal, Plaintiff belatedly submitted a renewed IFP motion. (Doc. no. 15.) Although the Court does not condone Plaintiff's failure to timely submit her motion, the Court accepts Plaintiff's filing and **VACATES** the recommendation for dismissal. (Doc. no. 13.) As such, the request for an extension of time to object to the May 8th Report and Recommendation is **MOOT**. (Doc. no. 16-1.)

## II.     Request for Appointment of Counsel

As part of the motion for an extension of time to object, Plaintiff states she has not been assigned an attorney. The docket does not reflect Plaintiff has ever filed a motion for appointment of counsel. Nevertheless, the Court liberally construes her current filing as a request the Court appoint counsel for her.

As a general rule, there is no automatic right to appointed counsel in an employment discrimination case. See Dominguez v. Lake Como Club, 520 F. App'x 937, 941 (11th Cir. 2013) (*per cuiram*) (citing Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988)). Rather, the decision to appoint counsel is within the sound discretion of the district court, and counsel should only be appointed in exceptional circumstances. Id. at 941-42. After considering Plaintiff's application for appointed counsel and the legal issues presented by the complaint, the Court finds that an appointment of counsel is unwarranted under these circumstances. Plaintiff's filings evidence an ability to communicate with the Court, and the discrimination allegations do not appear to be of a particularly complex nature. Therefore, the Court **DENIES** Plaintiff's request for appointment of counsel. (Doc. no. 16-2.)

### III.     Conclusion

The Court **VACATES** the recommendation for dismissal based on Plaintiff's failure to submit an IFP motion. (Doc. no. 13.)  The request for an extension of time to object to the now-vacated recommendation for dismissal is **MOOT**, (doc. no. 16-1), and the Court **DENIES** the request for appointment of counsel, (doc. no. 16-2).  The Court addresses the renewed IFP motion in a simultaneously filed Report and Recommendation.

Finally, Plaintiff is cautioned that while this action is pending, she shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case, without prejudice.  In addition, the Court reminds Plaintiff that even though she is proceeding *pro se*, she is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989).  Plaintiff should not expect the Court to excuse any future failure to comply with Court orders and deadlines.

SO ORDERED this 23rd day of May, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA